# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cr-00304-4 |
| JESUS GONZALEZ | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Jesus Gonzalez's Motion and Request to Modify Sentence (Doc. No. 488), the Joint Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) (Doc. No. 518), and Supplement (Doc. No. 523). The parties agree that Defendant is entitled to a reduction under Amendment 821 that authorizes a sentence reduction for zero-point offenders like Mr. Gonzalez. (Doc. No. 518 at 1, 2).

Mr. Gonzalez pled guilty to distribution and possession with intent to distribute heroin and cocaine. At sentencing, he received zero criminal history points. Combined with a total offense level of 27, this resulted in a guideline range of 70 to 87 months. The Court sentenced him to 60 months custody.

The parties agree that Mr. Gonzalez's sentence should be reduced to 57 months because he was a low-level player in the conspiracy, "performed perfectly on pretrial release" for about 44 months, has a "promise for rehabilitation" with his high school diploma, and has a steady employment record. (Doc. No. 523 at 2). The Court conducts a two-step inquiry when considering a sentence reduction. See United States v. Jones, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting Dillon v. United States, 560 U.S. 817, 826-27 (2010)). First, the Court must consider

whether Amendment 821 lowers the defendant's guidelines range. Dillon, 560 U.S. 817 at 826. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. Id. The answer is yes on both questions. Amendment 821 reduces Mr. Gonzalez's total offense level to 25, lowering his guideline range to 57 to 71 months. The § 3553(a) factors at his sentencing are unchanged, and his post-incarceration conduct warrants further positive consideration.

The Court agrees with the parties that Mr. Gonzalez's sentence should be reduced to 57 months. A 57-month sentence is no greater than necessary to achieve the purposes of §3553(a).

The motions (Doc. Nos. 488 and 518) are **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE